IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MASTER WOODCRAFT CABINETRY, LLC AND MCW INDUSTRIES, LLC<br>Plaintiffs, | §<br>§<br>§<br>§ | |
| VS | §<br>§ | CIVIL ACTION NO. 2:15-cv-00860-JRG |
| COLORADO STRUCTURES, INC.<br>Defendants, | §<br>§<br>§ | |

## PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Master WoodCraft Cabinetry, LLC and MCW Industries, LLC, Plaintiffs herein, and makes and files this Second Amended Original Complaint, complaining of Colorado Structures, Inc., hereinafter referred to as Defendant and for causes of action would respectfully show the Court and Jury as follows:

### PARTIES

1. The Plaintiff, Master WoodCraft Cabinetry, LLC is a Limited Liability Company organized in Texas with its principal place of business in Marshall, Harrison County, Texas and is organized for the purpose of designing, manufacturing and selling kitchen cabinets.

2. The Plaintiff, MCW Industries, LLC is a Limited Liability Company organized in Texas with its principal place of business in Marshall, Harrison County Texas and is organized for the purpose of providing installation services for the installation of kitchen cabinets.

1

3.      The Defendant, Colorado Structures, Inc. is a Colorado corporation with its principal place of business in Colorado Springs, Colorado and has been served with process in this matter and filed a Notice of Removal to this Court.

## JURISDICTION AND VENUE

4.      This matter was brought to this Court as a result of a Notice of Removal pursuant to 28 U.S.C. §1441 (b). However as will be seen hereinafter, this Court does not have jurisdiction under 28 U.S.C. §1332 because the claims of neither Plaintiff are sufficient to meet the "amount in controversy" provision for diversity jurisdiction and the Defendant has waived any claim it may have to rely upon removal to this Court on the basis of diversity jurisdiction.

## MASTER WOODCRAFT CABINETRY, LLC'S CAUSE OF ACTION

5.      In November 2012, the Defendant approached the Plaintiff, Master WoodCraft Cabinetry, LLC requesting to buy cabinets from it on credit. As a result, the Plaintiff, Master WoodCraft Cabinetry, LLC required the Defendant to complete a Credit Application.

6.      Upon completion of the Credit Application by the Defendant, Plaintiff, Master WoodCraft Cabinetry, LLC advised the Defendant that it would extend credit and a line of credit was opened.

7.      On November 23rd and November 26, 2013 respectively, Plaintiff and the Defendant signed a Purchase Order Contract which called for the Plaintiff to manufacture kitchen cabinets at its Marshall, Texas plant and sell them on credit to the Defendant.

8.  The Purchase Order Contract entered between the Plaintiff and Defendant incorporated the Application for Credit which became an "integral" part of the Purchase Order Contract between these parties.

9.  Despite its written promise to do so, the Defendant breached its written Purchase Order Contract with the Plaintiff and failed to pay the contractual amount required.

10.  On April 10, 2015, the Defendant had an unpaid balance owing to Master Woodcraft Cabinetry, LLC of $77,839.49 but on April 20, 2015 the Defendant made a payment to the Plaintiff leaving a balance owing of $32,860.71.

11.  Despite demands from the Plaintiff to pay the final amount due pursuant to the written Purchase Order and Application for Credit Contract, the Defendant refuses to pay the final $32,860.71 it owes under said contracts and it has therefore breached said contracts.

12.  The filing of this Amended Complaint shall amount to presentment required by §38.002 Texas Civil Practices and Remedies Code of the just amount owed by virtue of the Defendant's breach of contract.

13.  Plaintiff seeks Judgment in the sum of no more than $32,860.71 against this Defendant for its harms and losses caused by the Defendant's breach of its written contract plus reasonable and necessary attorney's fees incurred to recover this unpaid debt.

14.  Plaintiff seeks recovery of reasonable attorney's fees in accordance with §38.001 (8) Texas Civil Practices and Remedies Code for reasonable and necessary attorney's fees incurred through the trial of this cause and through any appeals, but in

no instance, does the Plaintiff now seek nor shall the Plaintiff ever seek to recover more than $40,000.00 in attorney's fees in its lawsuit. Therefore, Master WoodCraft Cabinetry, LLC now seeks and will always seek recovery of damages and attorney's fees, exclusive of interest and costs, of a total amount of less than $75,000.00. Plaintiff, Master WoodCraft Cabinetry, LLC prays for prejudgment and post judgment interest on all its damages in accordance with the law.

## MCW INDUSTRIES, LLC'S CAUSE OF ACTION

15. In November 2012, the Defendant approached the Plaintiff, MCW Industries, LLC requesting the service of installing kitchen cabinets on credit. As a result, the Plaintiff, MCW Industries, LLC required the Defendant to complete a Credit Application.

16. Upon completion of the Credit Application by the Defendant, Plaintiff, MCW Industries, LLC advised the Defendant that it would extend credit and a line of credit was opened.

17. On November 23rd and November 26, 2013 respectively, Plaintiff and the Defendants signed a contract which called for the Plaintiff's service of installing kitchen cabinets on credit for the Defendant.

18. The contract entered between the Plaintiff and Defendant incorporated the Application for Credit which became an "integral" part of the contracts between these parties.

19. Despite its written promise to do so, the Defendant breached its written contracts with the Plaintiff and failed to pay the contractual amount required.

20. Despite demands from the Plaintiff to pay the final amount due pursuant to

the written contracts, the Defendant refuses to pay the final $44,278.04 it owes under said contracts and has therefore breached said contracts.

21. The filing of this Amended Complaint shall amount to presentment required by §38.002 Texas Civil Practices and Remedies Code of the just amount owed by virtue of the Defendant's breach of contract.

22. Plaintiff seeks Judgment in the sum of no more than $44,278.04 against this Defendant for its harms and losses caused by the Defendants breach of its written contracts plus reasonable and necessary attorney's fees incurred to recover this unpaid debt.

23. Plaintiff seeks recovery of reasonable attorney's fees in accordance with §38.001 (8) Texas Civil Practices and Remedies Code for reasonable and necessary attorney's fees incurred through the trial of this cause and through any appeals, but in no instance shall the Plaintiff ever seek to recover more than $29,000.00 in attorney's fees in its complaint. Therefore, MCW Industries, LLC now seeks and will always seek recovery of damages and attorney's fees, exclusive of interest and costs, of a total amount of less than $75,000.00. Plaintiff MCW Industries, LLC prays for prejudgment and post judgment interest on all its damages in accordance with the law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that Defendant be cited in terms of law to appear and answer herein, and upon final hearing the Plaintiff Master WoodCraft Cabinetry, LLC be granted a judgment against the Defendant for a sum of money of no more than $32,860.71 plus reasonable and necessary attorney's fees of no more than $40,000.00; that Plaintiff MCW Industries, LLC be granted a

judgment against the Defendant for a sum of money of no more than $44,278.04 and for reasonable and necessary attorney's fees of no more than $29,000.00; plus pre and post judgment interest at the legal rate, or such other smaller sum as to which to the Court may seem just and fair, for execution thereon, and for all costs for this cause incurred.

Respectfully submitted,
LAW OFFICES OF JIM AMMERMAN II
209 West Rusk
Marshall, Texas 75670
Tel. No.: (903) 938-2398
Fax No.: (903) 938-2455
Email: wrusk209@swbell.net

By: _____
Jim Ammerman II
State Bar No. 01157700
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned certifies that on June 5, 2015, a true and correct copy of the PLAINTIFFS' SECOND AMENDED COMPLAINT was filed with the United States District Clerk for the Eastern District of Texas Marshall Division and sent to all counsel of record as indicated below, in accordance with the Texas Rules of Civil Procedure, Federal Rules of Civil Procedure, and Local Rule CV-5.

**Regular Mail**
Ms. Amy M. Emerson
100 Congress Avenue, Suite100
Austin, Texas 78701-3229
ame@aaplaw.com

_____
Jim Ammerman II